E-FILED
Wednesday, 22 April, 2026 03:05:05 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| EDGAR DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4173 |
| | ) | |
| TYRONE BAKER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff is proceeding pro se and presently incarcerated at Pontiac Correctional Center. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he had a conversation with Defendant Cox about a disciplinary hearing summary the latter had written and an associated grievance. Plaintiff alleges that he had a panic attack after Defendant Cox told him he should stop writing grievances and that he would make life difficult for Plaintiff, and that prison officials thereafter facilitated Plaintiff's meeting with mental health officials. Plaintiff alleges that Defendant Swing then escorted him to

segregation and said that Plaintiff "had pissed someone off." Plaintiff alleges that he declared a hunger strike. Plaintiff alleges that Defendant Little threatened to revoke privileges and transfer to a maximum-security prison when Plaintiff refused to sign a witness statement regarding contraband trafficking within the prison.

Plaintiff alleges that he received two disciplinary reports without being given the opportunity to sign for them or to request witnesses, and that one of those reports was missing a page. Plaintiff alleges that Defendant Phillips failed to provide written notice of an investigation. Plaintiff alleges that Defendants Stuart and Range conducted a disciplinary hearing where Plaintiff was not permitted to present his written statement, request witnesses, or offer other evidence. Plaintiff alleges that Defendant Garza would not accept a grievance on the issue, that Defendant Garza told him he did not care if he was self-harming, that he would tell staff to stop documenting the hunger strike, that the warden had received Plaintiff's correspondence, and that Plaintiff had been found guilty in his disciplinary hearing. Plaintiff alleges that he received six-month's segregation, contact visit restriction, and a disciplinary transfer. Plaintiff alleges that he was transferred to Pontiac Correctional Center

Plaintiff states a First Amendment retaliation claim against Defendants Cox, Swing, and Little and a Fourteenth Amendment procedural due process claim against Defendants Phillips, Stuart, and Range. Each claim is against the respective defendants in their individual capacities.

Plaintiff does not state a claim against Defendant Garza because he was not required to accept a grievance outside the normal grievance process, nor does Plaintiff allege facts permitting an inference that he followed through on his threats. Plaintiff's allegations do not permit a plausible inference that Defendant Baker was personally involved in any deprivation,

and any involvement in a grievance process or letter-writing campaign after the fact is not sufficient to make this showing. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Plaintiff also cannot proceed on his claims arising out of Pontiac Correctional Center in this lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez,* 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."). These claims are dismissed without prejudice.

**Plaintiff's Motion for Status (Doc. 6)**

Plaintiff's motion is granted. This Order addresses all pending issues.

**IT IS THEREFORE ORDERED:**

**1.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a First Amendment retaliation claim against Defendants Cox, Swing, and Little and a Fourteenth Amendment procedural due process claim against Defendants Phillips, Stuart, and Range. Each claim is against the respective defendants in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2.      This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

**4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's**

forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.     The clerk is directed to terminate Defendants Baker, Garza, and Nurse as defendants.

12.     The clerk is directed to attempt service on Defendants Cox, Swing, Little, Phillips, Stuart, and Range pursuant to the standard procedures.

**13.    Plaintiff's Motion [6] is GRANTED.**

Entered this 22nd day of April, 2026.


*s/Sara Darrow*

SARA DARROW
UNITED STATES DISTRICT JUDGE
